UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

UNITED STATES OF AMERICA,

                                                                                    Case # 18-CR-6161-FPG

v.

                                                                                    DECISION AND ORDER

JEFFREY C. WEST,

                                                       Defendant.
─────────────────────────────────────

        On June 18, 2020, Defendant Jeffrey C. West moved to proceed on appeal *in forma pauperis* ("IFP"). ECF No. 46. Defendant had previously moved to proceed IFP on two separate occasions, both were dismissed without prejudice because he failed to state the issues he intended to present on appeal. ECF Nos. 41, 43.

        The Court explained in its prior orders that, under both 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24, Defendant must submit an affidavit stating the issues he intends to present on appeal. ECF Nos. 41, 43. "This requirement has been strictly applied where it hinders the District Court's task of determining whether an appeal is taken in good faith." *United States v. Scott*, No. 09-CR-331, 2011 WL 3586434, at *1 (S.D.N.Y. Aug. 10, 2011) (internal quotation marks omitted). The standard for pursuing an appeal in "good faith" is an objective one. *United States v. Yu*, No. 90-CR-47, 2007 WL 62789, at *2 (S.D.N.Y. Jan. 8, 2007) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith … demonstrated when he seeks appellate review of any issue not frivolous.")).

        Defendant intends to assert three issues on appeal. Specifically, he claims that the Court erred in enhancing his sentence in three respects: (1) relying on information that was not served on Defendant or his counsel prior to his plea; (2) finding that Defendant possessed fentanyl when the drug was not shown in the lab reports regarding the drugs seized from Defendant and; (3)

1

finding that Defendant's drug convictions did not qualify as a "serious drug offense" for the purpose of the enhancements. ECF No. 46.

Through his plea agreement, Defendant agreed to waive certain appeal rights. ECF No. 26 ¶ 19. Relevant here, Defendant waived his "right to appeal and collaterally attack any component of a sentence imposed by the Court which f[e]ll within or [wa]s less than the sentencing range for imprisonment, a fine and supervised release set forth in [the agreement]." *Id*. The agreement set forth a sentencing range of "a term of imprisonment of 188 to 235 months, a fine of $30,000 to $2,000,000, and a period of supervised release of 6 years." *Id*. ¶ 10. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant and the Government explicitly agreed to "a sentence of imprisonment between 188 and 235 months, as part of the appropriate sentence in this case." *Id.* ¶ 11. Defendant was subsequently sentenced to 188 months imprisonment, six years' supervised release, a $2,610 fine, and a $100 assessment. ECF No. 34; ECF No. 35 at 2, 3 & 6.

The sentence not only conformed to the plea agreement, but Defendant received a sentence on the low end of the agreed-upon guideline range. Defendant "does not argue that he did not waive his right to appeal knowingly and voluntarily; nor does he argue that his sentence was imposed based on constitutionally impermissible factors, that the Government breached the plea agreement, or that th[is C]ourt failed to enunciate a rationale for his sentence." *United States v. Avery*, 762 F. App'x 50, 52 (2d Cir. 2019) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)). As such, Defendant's appeal waiver is enforceable and bars his appeal. *Id*. (citing *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and

voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." (omission in *Avery*))).

As Defendant waived his right to appeal and collaterally attack any component of his sentence that conformed to his plea agreement, Defendant has not presented any legal or factual basis for his appeal. Defendant's renewed motion to proceed *in forma pauperis*, ECF No. 46, is DENIED. Further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: July 23, 2020
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                          United States District Court